# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# PENSACOLA DIVISION

| | |
|---|---|
| **JOSEPH FULLERTON, an individual, on behalf of himself and others similarly situated,** | ) <br> ) <br> ) <br> ) CASE NO. <br> ) |
| Plaintiff, | ) |
| vs. | ) <br> ) **JURY DEMAND ENDORSED** |
| **GOLDEN FLAKE SNACK FOODS, INC.,** | ) **HEREON** <br> ) |
| Defendant. | ) |

## COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF
## THE FAIR LABOR STANDARDS ACT

Plaintiff Joseph Fullerton ("Plaintiff"), on behalf of himself and all others similarly situated, brings this action against Defendant Golden Flake Snack Foods, Inc. ("Golden Flake" or "Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.* Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiff's own experiences and the conduct and acts of others.

## INTRODUCTION

This is an action brought by Plaintiff, individually and as a putative representative for a collective action, against his employer Golden Flake for unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Plaintiff and the putative class members were not paid overtime for any hours worked over forty (40) per week, even though they were "non-exempt" employees, and thus entitled to such wages under federal law.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant conducts business throughout this Division and District and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

3. Plaintiff brings this action collectively for the following persons: All workers who were employed by Defendant Golden Flake as a route delivery driver, route salesman, route sales representative, or similar position ("Route Driver"), spent all or part of their workweek driving a vehicle that weighed 10,000 pounds or less, and did not receive overtime for hours worked over forty (40) per workweek during the last three years.

4. Plaintiff is an adult individual residing in Navarre, Florida. Plaintiff was employed by Defendant as a Route Driver during the three-year period preceding the filing of this Complaint and performed work for Golden Flake in the State of Florida and in this District.

5. Plaintiff consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b).

6. Defendant is a for-profit Alabama corporation that maintains its principal place of business in Birmingham, Alabama. Defendant can be served through its registered statutory agent, CT Corporation System, 1200 S. Pine Island Road, Plantation, Florida 33324.

7. During all times material to this complaint, Defendant was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the

production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

8. During all times material to this Complaint, Plaintiff and the putative class members were "employees" of Defendant within the meaning of 29 U.S.C. § 203(d).

**STATEMENT OF FACTS**

9. Defendant Golden Flake is in the business of producing and distributing various snack foods.

10. Defendant Golden Flake employed Route Drivers, who delivered Golden Flake's products and other snack products to its customers including chain retail grocery stores.

11. Plaintiff was a Route Driver employed by Golden Flake during the three-year period preceding the filing of this Complaint.

12. Golden Flake has a fleet of delivery vehicles for its Route Drivers to use in delivering Golden Flake's products and other products to its customers. That fleet includes trucks that weigh 10,000 pounds or less ("Small Trucks").

13. Plaintiff and the putative class members all drove Small Trucks during at least part of a workweek within the last three years.

14. At all relevant times, Plaintiff and the putative class members were non-exempt employees and entitled to be paid for all hours worked and at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours per workweek.

15. The primary duties of Route Drivers, including Plaintiff, are driving a truck, delivering Golden Flake's products, removing expired products, and stocking shelves, among other non-exempt manual labor tasks.

16. Route Drivers, including Plaintiff, were not paid at a rate of one and a half times their regular rate for hours worked in excess of forty (40) in a workweek.

17. Route Drivers, including Plaintiff, are assigned designated routes to which they deliver Golden Flake's products and other products to established customers day after day or week after week. Customer orders delivered by Route Drivers are based on the volume of the customer's sales. Reordering decisions are based on anticipated sales of Golden Flake's products or other products by its customers.

18. Most of Golden Flake's revenue is generated from retail chain customers, such as Walmart.

19. The amount of shelf space to which Golden Flake is entitled in a retail chain customer's store, and other stores, is negotiated by management level employees, and not Route Drivers, and is memorialized through "plan-o-grams" and/or merchandising plans and/or similar documents. Route Drivers are not permitted to vary from these "plan-o-grams" and/or merchandising plans and/or similar documents in utilizing shelf space to stock shelves.

20. Golden Flake's management level employees, and not Route Drivers, negotiate with Golden Flake's retail chain customers, among others, concerning: the initial or continued right to carry Golden Flake's products in the customer's store; the price for Golden Flake's products; if and when a product promotion will run; how Golden Flake's products are advertised; the terms of a product promotion; how much shelf space is allocated for products; authorization for new items; authorization for price changes; which of Golden Flake's products are carried by the customer; and/or, where Golden Flake products are placed in a store, among other things.

21. Route Drivers, including Plaintiff, routinely work in excess of forty (40) hours in a workweek. Plaintiff would regularly work well in excess of fifty (50) hours in a workweek during the three-year period preceding the filing of this Complaint.

## **COLLECTIVE ACTION ALLEGATIONS**

22. Plaintiff repeats the allegations set forth above and incorporate them herein by reference.

23. Plaintiff brings this action on behalf of himself and all workers who were and/or are employed by Defendant Golden Flake as a Route Driver (or similar position), spent all or part of their workweek driving a vehicle that weighed 10,000 pounds or less, and did not receive overtime for hours worked over forty (40) per workweek during the last three years.

24. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as his own, in bringing this action.

25. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

# CLAIM FOR RELIEF

### Violation of Fair Labor Standards Act ("FLSA")
### (Collective Action)

26. Plaintiff repeats the allegations set forth above and incorporate them herein by reference.

27. Defendant is an employer covered by the minimum wage and overtime requirements set forth in the Fair Labor Standards Act ("FLSA").

28. As employees for Defendant, Plaintiff and the putative class members worked hours in excess of the maximum weekly hours permitted under the FLSA but were not paid overtime for those excess hours.

29. Plaintiff and the putative class members do not qualify for an exemption from the wage and overtime obligations imposed by the FLSA.

30. Throughout Plaintiff's and the putative class members' employment, Defendant has known that Plaintiff and the putative class members were not exempt from the wage and overtime obligations imposed by the FLSA. Defendant knew that it was required to pay Plaintiff and the putative class members for all hours worked. In spite of such knowledge, Defendant willfully withheld and failed to pay the wages and overtime compensation to which Plaintiff and the putative class members were entitled.

31. Pursuant to the FLSA, Plaintiff and the putative class members were entitled to compensation for all hours worked and for the unpaid overtime at a rate of one and one half times their regular rate. Because Defendant's failure to pay such wages was willful pursuant to 28 U.S.C. § 255(a), Plaintiff and the putative class members are entitled to these wages dating back three years.

32. The identity of all the putative class members is unknown at this time, but is known to Defendant, and is set forth in Defendant's records. Plaintiff is entitled to review these records and immediately identify the putative class members who have a right to join this collective action.

33. The exact amount of compensation, including overtime compensation that Defendant has failed to pay Plaintiff and the putative class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant, or were not kept by Defendant.

34. The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiff and those similarly situated to him are entitled to review their records of hours worked to determine the exact amount of overtime owed by Defendant. Absent Defendant keeping these records as required by law, Plaintiff and the putative class members are entitled to submit their information about the number of hours worked.

35. Defendant's failure to pay Plaintiff and the putative class members compensation for all hours worked and/or at the lawful overtime rates is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of FLSA. Pursuant to 20 U.S.C. § 216(b), Plaintiff and the putative class members are therefore entitled to liquidated damages in an amount equal to the compensation and/or overtime which they have not been paid.

36. Plaintiff has been required to file this action as the result of Defendant's actions in failing to pay Plaintiff and the putative class members proper compensation. As such, Plaintiff and the putative class members are entitled to attorney fees and costs incurred pursuant to 28 U.S.C. §216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and all those similarly situated, request judgment against Defendant as follows:

1. Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

2. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

3. Awarding Plaintiff and the putative class members their unpaid wages including overtime wages as to be determined at trial together with any liquidated damages allowed by law;

4. For a judgment against Defendant for all damage, relief, or any other recovery whatsoever;

5. Awarding Plaintiff and the putative class members their reasonable costs and attorney fees necessarily incurred herein; and

6. Awarding Plaintiff and the putative class members such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/*Jeremiah J. Talbott
JEREMIAH J. TALBOTT, ESQ.
FL Bar No. 015484
900 E. Moreno Street
Pensacola, Florida 32503
(850) 437-9600 / (850) 437-0906 (fax)
jjtalbott@talbottlawfirm.com
civilfilings@talbottlawfirm.com

Hans A. Nilges (0076017)
(will file for admission pro hac vice)
Shannon M. Draher (0074304)
(will file for admission pro hac vice)

8

Nilges Draher, LLC[1]
7266 Portage Street, N.W.
Suite D
Massillon, Ohio 44646
Phone:  330-470-4428
Facsimile: 330-754-1430
hans@ohlaborlaw.com
sdraher@ohlaborlaw.com


Anthony J. Lazzaro (0077962)
(will file for admission pro hac vice)
Chastity L. Christy (0076977)
(will file for admission pro hac vice)
The Lazzaro Law Firm, LLC[2]
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
chastity@lazzarolawfirm.com

*Counsel for Plaintiff*


## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims so triable.

/s/ Jeremiah J. Talbott
JEREMIAH J. TALBOTT, ESQ.

---

[1] Attorneys from Nilges Daher, LLC are based in Ohio and will be filing Motion for Admission Pro Hac Vice.
[2] Attorneys from The Lazzaro Law Firm are based in Ohio and will be filing Motion for Admission Pro Hac Vice.