IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**EDWARD JOSEPH FULLERTON, an individual, on behalf of himself and others similarly situated,**

           Plaintiff,

vs.            **CASE NO: 3:17-cv-00296-RV-CJK**

**GOLDEN FLAKE SNACK FOODS, INC.,**

           Defendant.
_____/

**DEFENDANT'S ANSWER AND DEFENSES TO
FIRST AMENDED COLLECTIVE ACTION COMPLAINT**

Defendant Golden Flake Snack Foods, Inc. ("Defendant"), by its undersigned attorneys, hereby answers the First Amended Collective Action Complaint (herein referred to as "Complaint") of Plaintiff Edward Joseph Fullerton ("Fullerton" or "Plaintiff") as follows:

**INTRODUCTION[1]**

Defendant admits only that Plaintiff, individually and as the putative representative for a collective action, purports to bring a civil action against Golden Flake Snack Foods, Inc. for allegedly unpaid overtime under the Fair Labor Standards Act ("FLSA"), but specifically denies that there is any basis in law or in fact for their stated claims. Defendant affirmatively states that it has not violated any laws and vigorously disputes that Plaintiff is entitled to overtime compensation under the FLSA because, among other things, his duties and the nature of his

---

[1] The headings used in the Complaint are repeated here for the Court's convenience only. Defendant does not admit the content or appropriateness of any of these headings.

employment make him exempt from minimum wage and overtime pay under the FLSA's "outside sales" exemption. Defendant denies any remaining allegations contained in the Introduction.

## JURISDICTION AND VENUE

1. Defendant admits the allegations in Paragraph 1 of the Complaint.

2. Defendant admits that venue is proper in this forum pursuant to 28 U.S.C. § 1391. Defendant denies the remaining allegations of Paragraph 2 of the Complaint.

## PARTIES

3. Defendant admits that Plaintiff purports to bring a collective action under the FLSA in the manner described in Paragraph 3 of the Complaint, and denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint that Fullerton is an adult individual residing in Navarre, Florida, that he was employed by Defendant during the three-year period preceding the filing of the Complaint, and that he performed work for Defendant as a Route Sales Professional ("RSP") in the State of Florida and in this District.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore denied.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint that it is an Alabama corporation with its principal place of business in Birmingham, Alabama.

7. The allegations of Paragraph 7 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations are denied.

8. The allegations of Paragraph 8 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations are denied.

## STATEMENT OF FACTS

9. Defendant admits that it produces and distributes various snack foods, but denies the other allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits that it employs RSPs, and affirmatively states that RSPs sell snack products to Golden Flake's customers including chain grocery stores, but denies the other allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits that Plaintiff was employed as an RSP during the three-year period preceding the filing of the Complaint, but denies the other allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint regarding the delivery vehicles used by its RSPs to deliver snack products to its customers, but denies the other allegations contained in Paragraph 12 of the Complaint, and affirmatively states that certain of the delivery vehicles have a Gross Vehicle Weight Rating of 10,000 pounds or less while certain of the delivery vehicles have a Gross Vehicle Weight Rating of 10,001 and more pounds.

13. Defendant admits that Plaintiff and certain of the other RSPs employed by Defendant drove a delivery vehicle during at least part of a workweek that had a Gross Vehicle Weight Rating of 10,000 or less pounds, but denies the other allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits that Plaintiff used a delivery vehicle with a Gross Vehicle Weight Rating of 10,000 pounds or less while employed by Defendant, but denies the other allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits that Plaintiff used a delivery vehicle with a Gross Vehicle Weight Rating of 10,000 pounds or less while employed by Defendant, but denies the other allegations contained in Paragraph 15 of the Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and therefore denied.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and therefore denied.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint, and affirmatively states that Plaintiff was exempt from overtime under the FLSA's "outside sales" exemption.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint to the extent such allegations refer to the hours worked of other RSPs, and therefore denied.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint that Plaintiff and the putative class members were non-exempt employees who were allegedly entitled to be paid at a rate of one and a half times their regular rate for hours worked in excess of forty (40) in a workweek, and affirmatively states that Plaintiff and the putative class members are exempt from the general overtime requirements under the FLSA by virtue of the FLSA's "outside sales" exemption in view of, among other things, the duties performed by Plaintiff and the other RSPs, including their primary duty, and the nature of their employment.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint in their entirety including the allegations with respect to the primary duties of RSPs including the Plaintiff.

22. Defendant admits that Plaintiff and other RSPs were not paid at a rate of one and a half times their regular rate for hours worked in excess of forty (40) in a workweek, denies the other allegations contained in Paragraph 22 of the Complaint, and affirmatively states that Plaintiff and the putative class members were not entitled to be paid at time and one-half their regular rate for hours worked in excess of forty (40) in a workweek because they are exempt from the general overtime requirements under the FLSA by virtue of the FLSA's "outside sales" exemption.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint regarding the duties of the RSPs including Plaintiff, the basis for customer orders, and customer re-ordering decisions, and denies the other allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint regarding the source of most of Defendant's revenues, and denies the other allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint regarding Defendant's shelf space and merchandising plans, and denies the other allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint regarding Defendant's products, prices, product promotions, advertisements, shelf space, new

items, price changes, and product placement, and denies the other allegations contained in Paragraph 26 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

27. In response to Paragraph 27 of the Complaint, Defendant repeats its answers and statements set forth above and incorporates them by reference.

28. Defendant admits only that Plaintiff seeks to bring this action on behalf of himself and other RSPs described in Paragraph 28 of the Complaint, but Defendant denies the other allegations contained in Paragraph 28 of the Complaint.

29. The allegations contained in Paragraph 29 of the Complaint with respect to the nature of this action are conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, the allegations are denied, as well as the other allegations contained in paragraph 29 of the Complaint.

30. The allegations contained in Paragraph 30 of the Complaint with respect to other putative class members are conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, the allegations are denied, as well as the other allegations contained in Paragraph 30 of the Complaint.

## CLAIM FOR RELIEF
**Violation of Fair Labor Standards Act ("FLSA")**
**(Collective Action)**

31. In response to Paragraph 31 of the Complaint, Defendant repeats its answers and statements set forth above and incorporates them by reference.

32. The allegations contained Paragraph 32 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations are denied.

33. Defendant admits that RSPs, including Plaintiff, were not paid overtime for hours worked in excess of forty (40) in a workweek because, among other things, their duties and the nature of their employment make them exempt from the overtime provisions of the FLSA under the "outside sales" exemption. Defendant denies any remaining allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint, and affirmatively states that Plaintiff and the putative class members are exempt from overtime payments under the FLSA's "outside sales" exemption.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant admits that it maintains records concerning those persons who have worked for Defendant as RSPs in the three years preceding the filing of the Complaint, but denies the other allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint and denies that Plaintiffs or putative class members are entitled to additional compensation.

45. Defendant admits only that the FLSA requires employers to make and preserve certain records.  Defendant denies the remaining allegations in Paragraph 45 of the Complaint and specifically denies that Plaintiffs or putative class members are entitled to additional compensation.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies the allegations in the Prayer for Relief of the Complaint and denies that Plaintiff, or any purportedly similarly situated individuals, is entitled to the relief requested in the Prayer for Relief or any relief whatsoever.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff has failed, in whole or in part, to state a claim for which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims, and those of any purportedly similarly situated individuals, are barred, in whole or in part, by the applicable statute of limitations pursuant to 29 U.S.C. §§ 216(b), 255, and 256.

### THIRD DEFENSE

At all times relevant and material to this matter, Plaintiff, and any purportedly similarly situated individuals, were paid in compliance with the FLSA including but not limited to Section

7 of the FLSA, 29 U.S.C. § 207, insofar as they are exempt from overtime payments and minimum wages under the FLSA's "outside sales" exemption.

## FOURTH DEFENSE

Further, and in the alternative if necessary, Defendant states that its actions with respect to Plaintiff, and any purportedly similarly situated individuals, were taken in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor pursuant to 29 U.S.C. § 259.

## FIFTH DEFENSE

Further, and in the alternative if necessary, Defendant states that its actions with respect to Plaintiff, and any purportedly similarly situated individuals, were taken in good faith with reasonable grounds to believe such conduct comported with permissible interpretations of the FLSA pursuant to 29 U.S.C. § 260.

## SIXTH DEFENSE

Further, and in the alternative if necessary, Defendant states that even if Plaintiff, or any purportedly similarly situated individuals, prevail, Defendant is entitled to a set-off with respect to any monies paid to Plaintiff, or to any purportedly similarly situated individual, for any hours when Plaintiff or the purportedly similarly situated individuals were not performing work for Defendant.

## SEVENTH DEFENSE

Plaintiff lacks standing to raise some or all of the claims of the alleged class of persons whom Plaintiff seeks to represent.

**EIGHTH DEFENSE**

The claims of the Plaintiff and all purportedly similarly situated individuals are barred in whole or in part to the extent that the work they performed falls within exemptions or exceptions provided under the FLSA, 29 U.S.C. § 201, et seq., including those exemptions contained in Section 13(a) and/or (b) of the FLSA. To the extent that Plaintiff's duties were not performed in the manner directed by Defendant, or were the result of their failure to comply with the reasonable expectations, policies and/or instructions of Defendant, such acts or omissions cannot deprive Defendant of the benefit of the exemption.

**NINTH DEFENSE**

Some or all of the claims of the Plaintiff and all purportedly similarly situated individuals are exempt from the provisions of the FLSA under the Motor Carrier Act exemption because the Secretary of Transportation has the exclusive authority to establish their qualifications and maximum hours of service pursuant to the Motor Carrier Act.

**TENTH DEFENSE**

Further, and in the alternative if necessary, Defendant states that if, in fact, it has failed to pay any non-exempt employee for work in excess of 40 hours in a workweek, the uncompensated time is de minimis.

**ELEVENTH DEFENSE**

Further, and in the alternative if necessary, Defendant avers that if, in fact, it has failed to pay Plaintiff or any non-exempt employee for work in excess of 40 hours in a workweek, such time is not compensable to the extent that it is not an integral and indispensable part of the employee's principal activities of employment.

## TWELFTH DEFENSE

Further, and in the alternative if necessary, Defendant states that even if Plaintiff, or any purportedly similarly situated individuals, prevail, the claims for liquidated damages and interest are barred to the extent that these forms of relief are duplicative of each other.

## THIRTEENTH DEFENSE

Some or all of the claims of the Plaintiff and all purportedly similarly situated individuals are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities that were preliminary or subsequent to their principal activities or incidental to them.

## FOURTEENTH DEFENSE

Defendant has not willfully failed to pay Plaintiff, or any purportedly similarly situated individual, any wages and/or other monies claimed due, and to the extent that Plaintiff may be entitled to any additional compensation, which is denied, there is a bona fide, good faith dispute with respect to Defendant's obligation to pay any sums that may be alleged to be due.

## FIFTEENTH DEFENSE

This civil action is not suitable for or maintainable as a collective action.

**WHEREFORE,** Defendant prays that Plaintiff take nothing by this action, that this action be dismissed with prejudice, that Defendant receives all of its costs, and for such other and further relief as this Court deems just and proper.

Dated:  August 7, 2017

Respectfully submitted,

<u>/s/ *Russell F. Van Sickle*</u>

RUSSELL F. VAN SICKLE
Florida Bar No. 967289
BEGGS & LANE, RLLP
P. O. Box 12950
Pensacola, FL 32591-2950
rfv@beggslane.com
Tel. 850-432-2451
Fax 850-469-3331
Attorneys for Defendant,
GOLDEN FLAKE SNACK FOODS, INC.

\* \* \* \* \* \* \* \*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Notice of Electronic Filing to the individual listed below this the 7th day of August, 2017.

Attorneys for Plaintiff:

Jeremiah J. Talbott, Esq.
JEREMIA J. TALBOTT, P.A.
900 E. Moreno Street
Pensacola, FL  32503
jjtalbott@talbottlawfirm.com
civilfilings@talbottlawfirm.com

Hans A. Nilges, Esq.
Shannon M. Draher, Esq.
Nilges Draher, LLC
7266 Portage Street, N.W., Suite D
Massillon, Ohio  44646
hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

Anthony J. Lazzaro, Esq.
Chastity L. Christy, Esq.
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio  44113
Anthony@lazzarolawfirm.com
chastity@lazzarolawfirm.com

*/s/ Russell F. Van Sickle*
RUSSELL F. VAN SICKLE
Florida Bar No. 967289
BEGGS & LANE, RLLP
P. O. Box 12950
Pensacola, FL 32591-2950
rfv@beggslane.com
Tel. 850-432-2451
Fax 850-469-3331
Attorney for Defendant,
  GOLDEN FLAKE SNACK
  FOODS, INC.